UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO SALAZAR-MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI-MENDOTA,<br><br>Respondent. | No.  1:24-cv-00479-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [Doc. 11], DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  All parties having consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), the matter was assigned to the undersigned for all purposes, including entry of judgment. (Docs. 6, 8, 9.)

On April 23, 2024, Petitioner filed the instant habeas petition.  (Doc. 1.)  On July 24, 2024, Respondent filed a motion to dismiss the petition.  (Doc. 11.)  Respondent contends the petition should be dismissed for lack of jurisdiction and failure to exhaust administrative remedies.  On August 12, 2024, Petitioner filed an opposition.  Respondent did not file a reply or statement of non-opposition.  Having reviewed the pleadings, the Court will GRANT Respondent's motion to dismiss.

/////

/////

1

**DISCUSSION**

**I.      Motion to Dismiss**

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). The Court will review the motion under Rule 4 standards. See Hillery, 533 F. Supp. at 1194 & n. 12.

**II.     Background**

Petitioner is serving a sentence of 80 months for his 2019 convictions for numerous alien trafficking offenses. (Doc. 11-1 at 24-40.[1]) Petitioner was incarcerated at the Federal Correctional Institution in Mendota, California, at the time he commenced this action. In his petition, Petitioner claims that the Bureau of Prisons ("BOP") determined him ineligible for First Step Act ("FSA") credits because he is subject to an immigration detainer, not a final order of removal. (Doc. 1 at 2, 18.) According to BOP records, Petitioner has been determined ineligible to apply FSA time credits to his sentence, not because of an immigration detainer, but because he is subject to a "final order of removal." (Doc. 11-1 at 2-3, 16.) According to the exhibits, his projected release date is May 17, 2025. (Doc. 1 at 20; 11-1 at 16.)

According to the BOP's records of its Administrative Remedy Program, Petitioner has never submitted an Administrative Remedy Request with respect to the BOP's calculation of FSA time credits. (Doc. 11-1 at 3.)

**III.    Failure to State a Claim under the First Step Act**

The First Step Act was enacted on December 21, 2018, and implemented a number of prison and sentencing reforms, including computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the

---

[1] Citations are to ECF pagination unless noted.

Fair Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Under the First Step Act, prisoners "who successfully complete[ ] evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). A prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

The BOP determined that Petitioner was eligible to *earn* FTCs pursuant to the First Step Act, but the BOP determined that Petitioner was not eligible to have FTCs *applied* to his sentence. The BOP's determination is correct. According to the First Step Act,

> A prisoner is *ineligible to apply* time credits under subparagraph (C) if the prisoner is the *subject of a final order of removal* under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

18 U.S.C. § 3632(d)(4)(E)(i) (emphasis added). According to the exhibits provided, Petitioner is subject to a final order of removal. The statute is clear that Petitioner is not eligible to have FTCs applied to his sentence because he is subject to a final order of removal under immigration laws. Thus, Petitioner is statutorily barred and has no lawful basis to claim application of FTCs against his sentence.

**IV.    Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If

1  Petitioner has not properly exhausted his claims, the district court, in its discretion, may either
2  "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his
3  administrative remedies before proceeding in court."

4  The first step in seeking administrative remedies is a request for informal resolution. 28
5  C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP
6  makes available to inmates a formal three-level administrative remedy process: (1) a Request for
7  Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a
8  Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the
9  geographic region in which the inmate's institution is located; and (3) a Central Office
10 Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. §
11 542.10 et seq.

12 Petitioner claims he does not have a Final Order of Removal; however, the detainer
13 attached to his petition indicates a Final Order of Removal was in fact charged against him. (Doc.
14 1 at 20.)  According to Respondent, Petitioner has never requested relief through the BOP's
15 administrative remedy process with respect to FTCs.  Petitioner contention that exhaustion should
16 be waived for futility because he is challenging an established BOP policy is pure speculation.
17 As noted above, the BOP no longer disallows inmates with detainers from earning and applying
18 FSA credits.  The BOP does disallow inmates with Final Orders of Removal from applying FSA
19 credits, but this is in accordance with the governing statute. See 18 U.S.C. § 3632(d)(4)(E)(i) (A
20 prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of
21 a final order of removal).

22 To the extent Petitioner questions the veracity of the Final Order of Removal, the issue
23 should have been raised first to the BOP.  Petitioner's grievance is not over a legal position taken
24 by Respondent, but a factual issue that can be resolved through investigation into Petitioner's
25 record.  Although the exhaustion requirement is subject to waiver in § 2241 cases "it is not lightly
26 to be disregarded." Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted).
27 A "key consideration" in exercising such discretion is whether "relaxation of the requirement
28 would encourage the deliberate bypass of the administrative scheme[.]" Laing v. Ashcroft, 370

F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). In this case, it is clear that Petitioner has deliberately bypassed the administrative review process. Such action should not be encouraged. The Court finds the petition must be dismissed for lack of exhaustion.

**V.     Certificate of Appealability**

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not an order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. Forde v. U.S. Parole Commission, 114 F.3d 878 (9th Cir. 1997); see Ojo v. INS, 106 F.3d 680, 681-682 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition (Doc. 11) is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED;

3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

4) In the event a notice of appeal is filed, a certificate of appealability is not required.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **September 4, 2024**            /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE